**Walter G. ANDERSON, Plaintiff–Appellant,**

v.

**Rochelle TURNER, District Clerk, Defendant–Appellee.**

No. 06–41375
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

June 19, 2007.

Walter G. Anderson, Huntsville, TX, pro se.

---

**384**

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Walter G. Anderson, Texas prisoner # 1092654, appeals the 28 U.S.C. § 1915A dismissal for failure to state a claim of his 42 U.S.C. § 1983 complaint against the state-court clerk who failed to file his state habeas application when it was submitted. He renews his due-process and denial-of-access claims, and, if his brief is liberally construed, he argues for the first time that the delayed filing of his state habeas application also violates the Equal Protection and Suspension Clauses. These new claims will not be considered. *See Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Centers, Inc.,* 200 F.3d 307, 316–17 (5th Cir.2000). To the extent that Anderson also raises a claim that his appellate counsel was ineffective, the claim is not cognizable because appellate counsel is not a state actor. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 929, 941, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Moreover, the claim is barred at this time. *See Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

Anderson's due-process argument amounts to a claim that state procedural rules were not followed, and it thus fails to present a constitutional issue. *See Levitt v. Univ. of Texas at El Paso,* 759 F.2d 1224, 1230 (5th Cir.1985). Additionally, because Anderson's state habeas application was ultimately submitted and denied, he suffered no actual injury as a result of the delay, and his denial-of-access claim

was properly dismissed. *See Lewis v. Casey,* 518 U.S. 343, 351, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

This appeal is without arguable merit and is therefore dismissed as frivolous. *See Howard v. King,* 707 F.2d 215, 219–20 (5th Cir.1983); 5TH CIR. R. 42.2. Both this court's dismissal of the instant appeal and the district court's dismissal of Anderson's complaint count as strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons,* 103 F.3d 383, 387 (5th Cir. 1996). Anderson is cautioned that if he accumulates three strikes, he will not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Anderson's motion to file a supplemental brief is denied.

DISMISSED; SANCTION WARNING ISSUED; MOTION DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.